### STRINGER v. GUGGENHEIM.

(Supreme Court, Appellate Term. June 25, 1909.)

1. NEGLIGENCE (§ 135*)—EVIDENCE—CONTRIBUTORY NEGLIGENCE.

In an action by the husband for personal injuries to his wife while using an elevator in defendant's building, evidence *held* to show her contributory negligence, precluding a recovery.

[Ed. Note.—For other cases, see Negligence, Dec. Dig. § 135.*]

2. TRIAL (§ 127*)—MISCONDUCT OF COUNSEL.

It is reversible error for the attorney of plaintiff, suing for a personal injury negligently inflicted on his wife, to suggest to the jury that defendant was insured in a casualty company, and so was not the real party in interest.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 275; Dec. Dig. § . 127.*]

Appeal from City Court of New York, Trial Term.

Action by Robert Stringer against Benjamin Guggenheim. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

James J. Mahoney (M. J. Wright, of counsel), for appellant.
George H. Gilman, for respondent.

MacLEAN, J. The plaintiff brought this action to recover for loss of services of his wife, occasioned, as he alleges, by the negligence of the defendant, who, in his answer admitted employment of plaintiff's wife as caretaker of his house at the time and place alleged in the complaint. The wife testified that she was on the top floor of the house, wanted some pails to go on with the work, and said to herself: "I am so tired, I won't walk it down again. I will just go in here"— into an elevator, level with the floor and door open. When she stepped on the elevator it began to descend, apparently what she wanted to do; but when she saw it descending she tried to scramble out and was caught, sustaining injuries to which she also testified. Whatever might be found and attributed to the defendant as negligence on his part con-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tributing to the injuries so received by the wife of the plaintiff, there was no evidence that she had ever before used or knew how to use that elevator for the purpose of ascending or descending, nor did she enter it other than voluntarily, or other than for the purpose of descending, notwithstanding that she had been warned by the representative of a firm of decorators, who, as that representative testified, had taken possession of the house with the power of the elevator turned off, that in doing the general work they had better not use the elevator, saying to her specifically: "Don't go into the elevator. You don't know anything about it, and it is safer to walk"—that she had better not use the elevator; that there was a chance of danger. In view of this uncontradicted testimony, it is impossible to sustain the verdict in favor of the plaintiff, because for the jury so to find they must have determined that the wife of the plaintiff was free from fault, and in that regard the evidence may not be said to preponderate.

Aside from these reasons, pertinent to the case, this judgment should not be allowed to stand because of the impertinent suggestion by the attorney for the plaintiff that the defendant named was insured in a casualty company, and so not the real party in interest. The judgment and order should be reversed.

Judgment and order reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.